**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William H. CAMPBELL, Defendant-
Appellant.**

**No. 28727.**

United States Court of Appeals,
Fifth Circuit.

June 15, 1970.

Wilbur D. Owens, Jr., Macon, Ga., (Court-appointed) for defendant-appellant.

Wm. J. Schloth, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before TUTTLE, DYER and CLARK, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction of William H. Campbell for violation of a provision of the Federal Gun Control Law, 26 U.S.C.A. 5845(b): dealing with "any combination of parts designed and intended for use in converting a weapon into a machine gun * * *" Following the amendment of the statute after the Supreme Court's decision in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, counsel, with utmost candor, concedes that the amendment of the statute eliminates the defect found by

the Supreme Court in the prior statute in *Haynes, supra.*

Defendant Campbell and his mother (who was acquitted and therefore does not join in this appeal) were indicted for knowingly possessing "firearms as defined in 26 U.S.C. 5845(a) (b), that is six M–2 conversion kits assembled on M–1 carbine trigger housings, which had not been registered to them in the National Firearms Registration and Transfer records maintained under 26 U.S.C. 5841, all in violation of 26 U.S.C.A. 5861(d), 5871" and for willfully and knowingly transferring "firearms as defined in 26 U.S.C. 5845(a) (b) that is, six M–2 conversion kits assembled on M–1 carbine trigger housings, without having paid the transfer tax required in 26 U.S.C. 5811 and without having complied with any of the requirements of 26 U.S.C. 5812, with respect to such violation; all in violation of 26 U.S.C. 5861 (e), 5871."

■ The main thrust of the appellant's defense and his argument on appeal is that the language "any combination of parts designed and intended for use in converting a weapon into a machine gun" is unconstitutionally vague. We find nothing in United States v. L. Cohen Grocery Co., 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516, to sustain the position of the appellant that the language quoted is not sufficiently clear to put any person of reasonable intelligence on notice as to what is forbidden.

■ Appellant also contends that the actual kits sold by the appellant did not meet the language of this statute. The proof clearly showed that the kits were designed and intended for use in converting a standard M–1 carbine into a "machine gun" as defined in the statute.

We find no merit in the other contentions made on behalf of the appellant although the Court expresses its appreciation to appointed counsel for the diligence with which he developed the case on behalf of the appellant both in the trial court and here.

The judgment is affirmed.