**In the Matter of Angela MORALES Vda. de CRUZ and Rosa Angela Cruz Morales, Bankrupts.**

**Nos. 44–70, 45–70.**

United States District Court, D. Puerto Rico.

Feb. 1, 1973.

William J. Riefkohl, Hato Rey, P. R., for petitioner Housing Investment Corp.

Arturo Aponte Parés, San Juan, P. R., for Banco de San Juan.

## ORDER

TOLEDO, District Judge.

The petitioner, Housing Investment Corporation asks this Court to review a decision handed down by the Referee in Bankruptcy to the effect that the filing of a proof of claim is not the "judicial action" contemplated by the parties in the mortgage note which would entitle petitioner herein to 10% of the principal as a fixed sum to cover costs and attorneys' fees in case of "foreclosure or judicial collection". As the Banco de San

Juan has filed bankruptcy claims regarding the same issue, we granted its motion to intervene as amicus curiae in this action.

The pertinent part of the mortgage note involved in this action reads as follows:

"In case of judicial action on this note, we jointly and severally agree to pay 10% of the principal of the note as fixed sum to cover costs and attorney's fees."

The mortgage note is reproduced in the mortgage deed which also contains the following language:

"Mortgagor undertakes to pay as fixed and liquidated sums to cover costs, expenses and attorney's fees in case of foreclosure or judicial collection."

The petitioner herein would have us follow the ruling laid down in Security Mortgage Co. v. Powers, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236 to the effect that the construction of the contract for attorney's fees presents a question of local law. The leading case in Puerto Rico on the matter points out that the amount agreed to between the mortgagor and the mortgagee for costs and attorney's fees in case of execution is in the way of a penalty, Salas v. Cabassa, 69 P.R.R. 423, 431 (1948).

■■ Nevertheless, a penalty against a mortgagor in default against whom foreclosure proceedings need be brought, is a far cry from the penalty which in this case the bankrupt's creditors, and not the bankrupt, must necessarily suffer here should the petitioner be granted his allegedly contracted attorney's fees. The purpose of the Bankruptcy Law is to place the property of the bankrupt under the control of the Court for equal distribution among the creditors. Straton v. New, 283 U.S. 318, at 320, 51 S.Ct. 465, 75 L.Ed. 1060 (1930). The very case of Security Mortgage Co. v. Powers, cited by petitioner, states that with regard to the contract for attorney's fees:

"Whether the liability is, under the circumstances, enforceable against the proceeds of the sale raises federal questions peculiar to the law of bankruptcy."

(Supra 278 U.S. at 154, 49 S.Ct. at 86).

■ Along this line, Collier on Bankruptcy points out the following:

"There is . . . the natural tendency and task of the bankruptcy law to mitigate as far as possible the losses to be sustained by creditors, and under this aspect there is an undeniable equity in the postulate that participation in the estate should be denied to a creditor who has neither in some degree contributed to the distributable funds, nor has suffered a pecuniary loss by parting with something in money's worth."

3 Collier in Bankruptcy, Section 57.22, p. 346 (1964 edition).

And, has been pointed out, since a bankruptcy court is essentially a court of equity, it will therefore not enforce a penalty In Re Tastyeast, Inc., 126 F.2d 879 at 881 (3 Cir. 1942).

■ The fact that payment of attorney's fees may not be considered a penalty for purposes of withdrawing said amount from the bankrupts' estate to the prejudice of the bankrupts' other creditors, brings us back to our original question of whether the filing of a proof of claim is the judicial action contemplated by the parties on this mortgage note. The issue, however, in view of the foregoing, is a little more clearly defined. If payment of attorney's fees as a penalty will not be allowed in bankruptcy, then the judicial action referred to in the mortgage note as justifying the payment of such fees must rest necessarily on the amount of action the mortgagee's attorney must take in enabling any type of court to interpret, apply and enforce existing law in its determination of rights and interests of adverse parties who are entitled before adjudication to notice and hearing and opportunity to present evidence under judicial forms.

23 Words and Phrases "Judicial Action", page 475. If, in this case, the Referee in Bankruptcy's allowance of a proof of claim is purely ministerial, if it merely involves obedience to instructions and demands no special discretion judgment or skill, Blacks Law Dictionary, page 1148, then surely the mortgagee's attorney need not exercise any action in order to enable the Referee to reach a decision on whether the secured debt should be respected above the bankrupts' other common creditors. If we were involved with an ordinary foreclosure proceeding, mortgagee's attorney, would, among other things, have to file a complaint, serve summons on the debtor, submit to discovery proceedings, if the debtor answers the complaint, go to trial, execute the judgment, go to public sale, have the Marshal execute the deed and have the property sold at public auction registered with the Registry of Property. Title 30, Laws of Puerto Rico Annotated, Section 224 et seq.

This Court believes that this is the type of work, which the parties to this contract contemplated was worth 10% of the principal debt or $890.00. It is far more work than is involved when the bankrupt puts his estate in the hands of a trustee so that it might be distributed according to the rank and number of the bankrupts' creditors. In bankruptcy, the bankrupt is doing voluntarily what he would be forced to do in ordinary foreclosure proceedings—he is paying his debts. The creditors need only file a proof of claim to protect their interests to the extent the bankrupts' estate allows.

Section 57 of the Bankruptcy Act (1971), states further that:

"A proof of claim filed in accordance with the requirements of the Bankruptcy Act, the General Orders of the Supreme Court and the official forms, even though not verified under oath, shall constitute prima facie evidence of the validity and amount of the claim."

Thus, a proof of claim establishes the debt for all purposes in the proceeding, unless the objector not only denies it but produces some evidence to the contrary. 3 Colliers on Bankruptcy, Section 57.13 at page 207 (1964 edition). Here, as the trustee has not approved petitioner's principal debt, the filing of a proof of claim for its recovery is a ministerial act, In Re Two Rivers Woodenware Co., 199 F. 877 at 881 (8 Cir.), whose allowance although described as a judicial act Ibid, still does not involve, in this Court's estimation, the judicial action on petitioner's part that is contemplated in the mortgage contract.

To put things a little more strongly, petitioner herein, as a secured creditor did not even have to file a proof of claim in order to have and retain the benefit of his security. 2 Remington on Bankruptcy, Section 737 at page 162 (1956 edition). We are not dealing here with a deficiency judgment, wherein the mortgaged property sold at public auction does not produce enough to pay the secured creditor who in such a situation would have to file a proof of claim along with the other common creditors to recover the deficiency. The property involved here was sold at public auction for $29,000; the petitioner's principal credit totalled $8,900. So that, in summary, petitioner's attorney did no more than follow the simple and easily comprehensible procedure for filing of a proof of claim under Section 57 of the Bankruptcy Act, Flower v. Commercial Trust Co., 223 F. 318 (8 Cir.) This is not what this Court considers the parties to have meant by judicial action deserving of costs and attorney's valued at $890.00.

In view of the foregoing, the Referee's decision is hereby affirmed.

It is so ordered.