**In the Matter of Ruth H. WARD, Bankrupt.**

**Bankruptcy No. 78–1074.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Aug. 19, 1982.

Shirley Arcuri, Tampa, Fla., for debtor.

Harley Riedel, Tampa, Fla., for trustee.

George T. Rita, U. S. Dept. of Justice, Tax Div., Washington, D. C., and Stephen M. Crawford, U. S. Atty., Tampa, Fla., for I. R. S.

### ORDER ON OBJECTION TO PROOF OF CLAIM FILED BY IRS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an Act case and the matters under consideration are two objections to Proof of Claims filed by the Internal Revenue Service (IRS). The objection is filed by David Gorman, the Trustee of the estate of Ruth H. Ward, the Debtor involved in a Chapter VII litigation case. Pursuant to a request of the Trustee, this Court ordered that Part VII of the Bankruptcy Rules shall govern the proceeding.

The facts relevant to the issues raised by the objection and which control this contested matter, as established at the final evidentiary hearing, can be summarized as follows:

On September 22, 1978, the estate of Hazell Orrel, filed an involuntary case against Ruth H. Ward. After an unsuccessful attempt to convert the proceeding to a Chapter XII case, Mrs. Ward was adjudicated bankrupt. In due course, Mr. Gorman was appointed as Trustee. On September 10, 1980, the IRS filed a claim for income taxes claiming that Mrs. Ward is indebted to the Government in the approximate amount of $235,000. This claim is based on her alleged liability for income taxes for calendar years 1976 and 1977. This alleged tax liability arose as a result of an investigation initially conducted by the Florida Bar and later on by the State's Attorney. The investigation was centered around both Mr. and Mrs. Ward. At the time relevant, Mr. Ward was a practicing attorney in St. Petersburg, Florida, and was also involved with several corporations in which both Mr. and Mrs. Ward were involved as principals. The investigation culminated in the indictment and conviction of Mr. Ward for embezzlement of trust funds of clients represented by him in probate matters. Mrs. Ward was also indicted. She pled nolo contendere to larceny, forgery and uttering false checks and was placed on probation.

As the result of the criminal proceeding, the IRS commenced an extensive audit of both Mr. and Mrs. Ward. After examining various bank accounts, books and then meeting with Mr. Ward during his incarceration, the IRS determined the amount of the tax deficiency owed by the Wards. The allocation of the assessment against Mr. and Mrs. Ward was done by first treating the embezzled funds as taxable income and then by treating Mr. and Mrs. Ward as equal participants in the embezzlement scheme. In addition, the IRS traced the transfer of monies from Mr. Ward's trust account to other personal and corporate accounts of the Wards. The source of all the funds was never established; neither did the IRS trace transfers from all of the accounts or determine whether some of the transfers involved fees legitimately earned by Mr. Ward. It is clear that the co-mingling of personal funds with clients somewhat obscured the precise determination of the amount of the deficiency. However, based on the assumption of equal participation, the IRS assessed a deficiency against Mrs. Ward for one-half of the amount of the embezzled funds for a total of $235,150.56.

On December 15, 1978, Mrs. Ward signed IRS Form 4549 entitled, "Consent to

Assessment and Collection." That form is essentially a waiver by Mrs. Ward of her right to press an appeal of the assessment and a consent to the immediate collection of the amount due. Because this jeopardy assessment was executed in a post-petition posture, the Trustee contends pursuant to § 70c of the Act that it cannot operate as a waiver of the Trustee's defenses to the claim of the IRS.

The question of a binding force of a waiver on the Trustee is basically treated by § 70c the Bankruptcy Act which provides as follows:

> "The trustee may have the benefit of all defenses available to the bankrupt as against third persons, including statutes of limitation, statutes of fraud, usury, and other personal defenses; *and a waiver of any such defense by the bankrupt after bankruptcy shall not bind the trustee.*" (emphasis supplied).

In describing the import of this Section, Collier states:

> "A defense is something that may prevent an unjust claim against either the estate or the bankrupt, and if it can be raised by either, a possible recovery is prevented where it might otherwise prevail. Thus, in order to insure that the estate shall not be wrongly deprived of a meritorious defense, the first section of § 70c also specified that *any waiver of a defense by the bankrupt after bankruptcy shall not deprive the trustee thereof . . .*" (emphasis supplied). 4 *Collier on Bankruptcy,* ¶ 70.46[1] (14th ed. 1978).

In light of the plain language of § 70c, it is clear that the bankrupt's post-petition consent to the collection and assessment of taxes is not binding upon the Trustee. ▮ This leaves for consideration the question: to what extent, if any, is the bankrupt indebted to the Government. There is no doubt that embezzled funds must be included in gross income for the year or years in which the funds are misappropriated. *James v. U. S.,* 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961); I.R.C. § 61(a). It is also true that a properly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim. Bankruptcy Act § 57a; Bankruptcy Rule 301(b); *Data Industries Corp. of Texas v. IRS,* 489 F.2d 1038 (5th Cir. 1974). The evidence adduced at trial also supports the claim of the IRS. Mrs. Ward was her husband's bookkeeper and she made practically all the deposits in the various bank accounts maintained by her husband. Her close and active involvement in the business of her husband belies the contentions that she merely followed instructions and was oblivious of the fact that the monies deposited in the accounts and spent for various purchases, including purchases of real estate, did not come from her husband's earnings generated through his legitimate law practice.

The problem in this case is that the record is unclear and it is improper to establish as to the amount of monies involved. It is impossible to trace funds obtained through embezzlement and the funds obtained otherwise from legitimate sources. Most importantly, it is impossible to determine from this record the extent Mrs. Ward benefited from the embezzled funds.

However, considering the amount of monies presently available in the estate for distribution to creditors, any further inquiry into this issue is unwarranted. Even assuming that the amount of the claim of the IRS is correct, there are insufficient funds in the estate to satisfy the claim of the IRS and, therefore, any attempt to determine the exact amount owing would be, largely, an academic exercise.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Bankrupt's and Trustee's objections to the proof of claim filed by the Internal Revenue Service be, and the same hereby is, overruled.