**In re ST. AUGUSTINE GUN WORKS, INC., Debtor.**

**Bankruptcy No. 86–158–BK–J–11.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 16, 1987.

**496**

Albert Mickler, Jacksonville, Fla., for debtor.

Hillary B. Burchuk, Washington, D.C., Dorothea Beane, Jacksonville, Fla., for U.S.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

A. Findings of Fact

1. Debtor, St. Augustine Gun Works, Inc., is a Florida corporation licensed by the Bureau of Alcohol, Tobacco and Firearms ("BATF") to manufacture firearms and other destructive devices. (Claimant's Exh. 2). Debtor's president, William Reynolds, testified on behalf of the debtor at the hearing on debtor's Objection to Claim.

2. Debtor engaged in, or intended to engage in the business of manufacturing National Firearms Act ("NFA") firearms for the period beginning July 1, 1983 through June 30, 1986 (fiscal year 1984, 1985, and 1986). Claimant's Exhibits 2, 3, 4 and 5. Transcript ("Tr.") p. 39, 51.

3. BATF Inspector Joel Trestik conducted a compliance inspection of debtor at his business premises during the period February, 1986 through August, 1986. Tr. p. 71. Inspector Trestik discovered 9 violations of the firearms regulations, including failure to have the federal firearms license available for inspection, and failure to produce evidence that debtor had paid his special occupational tax as a firearms manufacturer. Tr. p. 74–80. Inspector Trestik recommended that assessments of income tax be made for taxable events pursuant to 26

U.S.C. §§ 5801(2), 5811, 5821, more particularly described in paragraph 4, *infra*. Tr. p. 84–92.

4. On or about September 17, 1986, the BATF filed on behalf of the United States, a Proof of Claim for Internal Revenue Taxes, an unsecured priority claim, under 11 U.S.C. § 507(a)(6), for unpaid taxes, plus penalties and interest as follows:

26 U.S.C. § 5801(2), SPECIAL OCCUPATIONAL TAX

| FISCAL YEAR | DATE OF FIRST LIABILITY | TAX RATE | INTEREST TO DATE OF PETITION | PENALTY | TOTAL DUE |
|---|---|---|---|---|---|
| 1984 | 7/1/83 | 500 | $195.61 | $192.50 | $888.11 |
| 1985 | 7/1/84 | 500 | 42.58 | 132.50 | 675.08 |
| 1986 | 7/1/85 | 500 | — | — | 500.00 |

26 U.S.C. § 5861 [5821], MAKING TAX

| QUANTITY OF FIREARMS | DATE OF FIRST LIABILITY | TAX RATE | INTEREST TO DATE OF PETITION | PENALTY | TOTAL DUE |
|---|---|---|---|---|---|
| (1) | 9/3/83 | $200 | $73.10 | $75.00 | $348.10 |
| (1) | 10/9/84 | 200 | 41.64 | 62.00 | 303.64 |
| (10) | 12/13/84 | 200 | 197.10 | 590.00 | 2,787.10 |
| (10) | 12/13/84 | 200 | 197.10 | 590.00 | 2,787.10 |
| (2) | 12/14/84 | 400 | 71.98 | 118.00 | 589.98 |
| (1) | 12/24/84 | 200 | 35.15 | 59.00 | 294.15 |
| (1) | 1/18/85 | 200 | 32.77 | 58.00 | 290.77 |
| (1) | 4/11/85 | 200 | 24.68 | 56.00 | 280.68 |
| (1) | 5/29/85 | 200 | 20.11 | 54.00 | 274.11 |

26 U.S.C. § 5811, TRANSFER TAX

| QUANTITY OF FIREARMS | DATE OF FIRST LIABILITY | TAX RATE | INTEREST TO DATE OF PETITION | PENALTY | TOTAL DUE |
|---|---|---|---|---|---|
| (1) | 10/28/83 | $200 | $68.77 | $73.00 | $341.77 |
| (1) | 11/9/83 | 200 | 67.83 | 73.00 | 340.83 |
| (5) | 11/16/83 | 200 | 336.40 | 360.00 | 1,696.40 |
| (10) | 11/30/83 | 200 | 662.10 | 720.00 | 3,382.10 |
| (1) | 12/1/83 | 200 | 63.12 | 72.00 | 338.12 |
| (1) | 12/5/83 | 200 | 65.83 | 72.00 | 337.83 |
| (20) | 1/9/85 | 200 | 673.20 | 1,180.00 | 5,853.20 |
| (1) | 1/25/85 | 200 | 32.08 | 58.00 | 290.08 |
| (1) | 2/21/85 | 200 | 29.43 | 57.00 | 286.43 |
| (1) | 3/14/85 | 200 | 27.38 | 56.00 | 283.38 |
| (1) | 5/3/85 | 200 | 18.11 | 53.00 | 271.11 |
| (1) | 6/13/85 | 200 | 18.69 | 53.00 | 271.69 |

Debtor served an Amended Objection to Claim on February 12, 1987.

5. On or about August 25, 1983, debtor submitted its Form 11, with a $500.00 check, for payment of the special occupational tax to the Internal Revenue Service. Claimant's Exh. 1. However, the $500.00 check was dishonored, and debtor did not pay the special occupational tax until January 6, 1984. *Id.*; Tr. p. 151, 157.

6. Debtor never filed Form 11 or paid the special occupational tax for the period

beginning July 1, 1984 through June 30, 1985 (fiscal year 1985). Claimant's Exh. 1; Tr. p. 159.

7. Debtor never filed Form 11 or paid the special occupational tax for the period beginning July 1, 1985 through June 30, 1986 (fiscal year 1986). Claimant's Exh. 1; Tr. p. 159.

8. Debtor produced no evidence, other than verbal testimony, that it filed its Forms 11 and paid its Special Occupational Tax for fiscal year 1985 and fiscal year 1986. Tr. p. 159.

9. On September 3, 1983, debtor submitted to the BATF an AFT Form 2, to register one submachine gun as a firearm required to be registered under the NFA. Debtor's Exh. 3. This registration was approved by the BATF and debtor never took any steps to revoke or amend this approved registration. Tr. p. 41–43. Debtor testified that this item was a NFA firearm. Tr. p. 42. Debtor contended that this item was similar to one unidentified item of the 107 items listed as a DF–9 on Claimant's Exh. 5, which was rejected for registration in 1986, as not being a NFA firearm. Tr. p. 168–9. Debtor produced no evidence other than an oral assertion to support this contention, and it is rejected as unsupported by the record.

10. On October 9, 1984, debtor submitted to the BATF an AFT Form 2, to register one colt machinegun as a NFA firearm. Debtor's Exh. 3. This registration was approved by the BATF and debtor never took any steps to amend or revoke this registration. Tr. p. 41–43. Debtor described this term as a receiver and a frame and affirmed that it was a Title II weapon. Tr. p. 21, 43. Debtor contended that this item was similar to Exhibit 4, described as a receiver, which the BATF refused to register as a Title II weapon in June, 1986, because it was not a manufactured NFA firearm. Tr. p. 21, 23, 55. Debtor produced no evidence in support of this contention other than this oral assertion, and that contention is rejected as unsupported by the evidence.

11. On December 13, 1984, debtor submitted to the BATF, two AFT Forms 2, to register twenty (20) items described as submachineguns, frames only, as firearms required to be registered under the NFA. Debtor's Exh. 3. The registration was approved by the BATF and debtor never took any steps to revoke or amend this registration. Tr. p. 41–43, 164. At the hearing, debtor described these items as receivers and affirmed that these twenty (20) items were Title II weapons. Tr. p. 25, 44. Debtor contented that these twenty (20) items were similar to debtor's exhibits 5 and 6, and that under the definition contained in Exhibit 11, these items would not be considered frames or receivers. Tr. p. 25–8, 55. Debtor introduced no evidence to support the contention that debtor's exhibits 5 and 6 were part of the 323 items rejected for registration referred to in debtor's exhibit 11, and no evidence other than an oral assertion that the twenty (20) registered items were similar to debtor's exhibits 5 and 6. These contentions are rejected as unsupported by the evidence. Debtor also contended that one of these twenty (20) registered items, Serial Number 1009D, was similar to one of the 323 rejected items on Claimant's Exh. 5, and that some of these twenty (20) items were similar to 323 items rejected for registration by the BATF. Tr. p. 162–3, 173. Debtor introduced no evidence other than oral assertions in support of these contentions, and they are rejected as unsupported by the evidence.

12. On December 14, 1984, debtor submitted to the BATF an ATF Form 2, to register two items described as submachineguns as firearms required to be registered under the NFA. Debtor's Exh. 3. This registration was approved by the BATF and debtor never took any steps to amend or revoke this registration. Tr. p. 41–43. Debtor testified that these items were frames and affirmed that they were Title II firearms. Tr. p. 29, 45. Debtor contended that these items were similar to debtor's exhibits 5 and 6. Tr. p. 28–9. Debtor introduced no evidence to support this contention other than an oral assertion, and it is rejected as unsupported by the evidence.

13. On December 24, 1984, debtor submitted to the BATF an ATF Form 2 with a blueprint, to register one item described as an SKS conversion kit as a NFA firearm. Debtor's Exh. 3; Tr. p. 29. This registration was approved by the BATF and debtor never took any steps to amend or revoke this approved registration. Tr. p. 41–43, 167. Debtor described this item as a conversion kit, for the purpose of converting a semi-automatic to a fully automatic rifle, and affirmed that this item was a Title II firearm. Tr. p. 29–30, 45. Debtor contended that this item corresponded to the item pictured in debtor's exhibit 10, which was identical to the 99 conversion kits debtor attempted to register in April, 1986, for which no plans were submitted. Tr. p. 32, 166–8. Debtor introduced no evidence other than an oral assertion to support these contentions, and they are rejected as unsupported by the evidence.

14. On January 18, 1985, debtor submitted to the BATF an ATF Form 2, to register one item described as a colt machinegun as a firearm required to be registered under the NFA. Debtor's Exh. 3. This registration was approved by the BATF and debtor never took any steps to amend or revoke this approved registration. Tr. p. 41–43. Debtor described this item as frame, and affirmed that this item was a Title II weapon that had been remanufactured from a Title I weapon. Tr. p. 33, 46. Debtor contends that this item is similar to debtor's exhibit 4, which the BATF rejected for registration as a Title II firearm in June, 1986. Tr. p. 33, 55. Debtor produced no evidence in support of this contention other than an oral assertion and it is rejected, as unsupported by the evidence.

15. On April 11, 1985, debtor submitted to the BATF and ATF Form 2, to register one item described as a planfield machinegun as a NFA weapon. Debtor's Exh. 3. This registration was approved by the BATF and debtor never took any steps to amend or revoke this approved registration. Tr. p. 41–43. Debtor testified that this was a M-1 carbine registered with the intent to put M-2 machinegun parts on it, and affirmed that it was a Title II firearm. Tr. p. 33, 46.

16. On May 29, 1985, debtor submitted to the BATF and ATF Form 2, to register an item described as a colt machinegun as a NFA weapon. Debtor's Exh. 3. This registration was approved by the BATF and debtor never took any steps to amend or revoke this approved registration. Tr. p. 41–43. Debtor affirmed that this was an item converted from a Title I to a Title II weapon. Tr. p. 46. Debtor contends that this item was similar to debtor's exhibit 4. Tr. p. 35. Debtor introduced no evidence other than an oral assertion in support of this contention and it is rejected as unsupported by the evidence.

17. On April 25, 1986, debtor submitted to the BATF, 31 Forms 2, seeking to register 323 items as NFA firearms. Claimant's Exh. 5. These items, described differently from the items described in debtor's exhibit 3, were rejected for registration because they were not manufactured NFA firearms. Debtor's Exh. 11; Tr. p. 165. Debtor was never told by the BATF that the items approved for registration described in debtor's exhibit 3 were not NFA firearms. Tr. p. 93.

18. Based on the demeanor, the interest in the outcome of this proceeding, and the contradictory, conclusory and vague testimony of the witness produced by debtor, tr. p. 35, 46, 162–163, 173, the Court rejects as not credible debtor's assertions at trial that the items registered as firearms by debtor, as evidenced in debtor's exhibit 3, and described in paragraphs 9–16, *supra*, are not NFA firearms.

19. On the following dates transfers of registered NFA firearms were made by debtor:

| Serial Number | Quantity of Firearms | Date of Transfer |
|---|---|---|
| 0002 | (1) | 11/09/83 |
| 1000E–1007E, 1000D–1007D, 1000F, 1000G, 9–1000, 1008E | (20) | 1/09/85 |
| SP175303 | (1) | 1/25/85 |
| 27523 | (1) | 2/21/85 |
| 124–88472 | (1) | 3/14/85 |
| 1010 | (1) | 5/08/85 |
| SP812768 | (1) | 6/18/85 |

Debtor's Exh. 2, Tr. p. 48.

20. With respect to debtor's exhibits 5, 6, 8 and 9, no evidence was introduced as to whether the items had serial numbers, or whether debtor attempted to register them on any ATF Form 2. Tr. p. 58–60. No testimony or evidence whatsoever was introduced regarding debtor's exhibit 7.

21. As to each firearm registered and as to each transfer, the registration or transfer occurred prior to the time the occupational tax for the period of July 1, 1983, to June 30, 1984, was paid or during a fiscal year when the occupational tax was not paid.

22. Penalties were assessed under 26 U.S.C. § 6651 for each registration and transfer which took place at a time when the occupational tax for the respective fiscal year was not paid. As to the transfers in question, debtor produced evidence which showed that BATF approved each application for tax-exempt transfer prior to the time the transfer was made. Debtor's Exhibit 2. Tr. p. 14–16. Debtor asserts that the transfers would not have been made if the applications for tax-exempt status had not been approved. The Court accepts debtor's testimony and finds that debtor had a reasonable belief that each transfer in question was exempt from the transfer tax provision of 26 U.S.C. § 5811 and it was based on this belief that no tax was paid.

23. At trial, claimant conceded that the special occupational tax for fiscal year 1984, and the transfer tax for all transfers in which debtor was the transferee, plus respective penalties and interest, are not due and owing from the debtor.

B. Conclusions of Law

1. Claimant timely filed a proper proof of claim and debtor properly served its Amended Objection to Claim on February 12, 1987. A proper proof of claim is presumed valid, and is *prima facie* evidence of the validity of both the claim and its amount. *Whitney v. Dresser*, 200 U.S. 532, 26 S.Ct. 316, 50 L.Ed. 584 (1906); *In re Mobile Steel Co.*, 563 F.2d 692 (5th Cir. 1977); *In re Colorado Corp.*, 531 F.2d 463 (10th Cir.1976); *In re Munzenrieder Corp.*, 58 B.R. 228 (Bkrtcy.M.D.Fla.1986); *Matter of Ward*, 23 B.R. 45 (Bkrtcy.M.D. Fla.1982); *In re Palm Investments of Pinellas County*, 2 B.R. 646 (Bkrtcy.M.D.Fla. 1980); 11 U.S.C. §§ 501–502. The burden is on the debtor to sustain its objections to the claim, and debtor has the burden to overcome the *prima facie* correctness of the claim. *In re Uneco, Inc.*, 532 F.2d 1204 (8th Cir.1976); *In re Watson*, 456 F.Supp. 432 (S.D.Ga.1978); *In re Munzenrieder Corp., supra; In re Florida Peach Corp.*, 49 A.F.T.R.2d 82–918 (M.D.Fla.1982) (Proctor, J.). The challenger must rebut the presumption of validity with affirmative proof and more than a mere general assertion is necessary to overturn the presumption. *In re Colorado Corp., supra; In re Morales de Cruz*, 357 F.Supp. 1118 (D.P.R. 1973); *In re Palm Investments, supra*. Here, debtor's oral assertions failed to overcome the presumption of correctness of the proof of claim with credible evidence, and the objection is overruled in part.

2. Debtor, as a manufacturer of firearms, in fiscal year 1984, failed to pay the special occupational tax as required by 26 U.S.C. § 5801, until January 6, 1984. 26 U.S.C. § 5801(2); 27 C.F.R. §§ 179.11, 179.-31, 179.34.

3. Debtor, as a manufacturer of firearms during fiscal years 1985 and 1986, failed to file Form 11 with, and pay its special occupational tax to, the Internal Revenue Service as required by 26 U.S.C. §§ 5801(2), 5802, and is liable for the special occupational tax, $500.00 per fiscal year, plus penalties and interest, totaling $1,175.08. 26 U.S.C. §§ 5801(2); 27 C.F.R. §§ 179.31, 179.32, 179.34, 179.48.

4. The National Firearms Act, 26 U.S.C. § 5801 *et seq.*, defines a firearm to include a machinegun. 26 U.S.C. § 5845(a)(6). That same act, defines a machinegun as follows:

The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single func-

**500**

tion of the trigger. The term shall also include the frame or receiver of any such weapon, any combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

26 U.S.C. § 5845(b).

5. The following items, which were approved for registration by the BATF as manufactured machineguns, or machinegun frames or receivers are Title II firearms, as defined by the National Firearms Act, 26 U.S.C. § 5845(a) and (b), and were manufactured by debtor on the date indicated:

| Serial Number | Quantity of Firearms | Date of Manufacture |
|---|---|---|
| 0001 | (1) | 9/03/83 |
| SP-208365 | (1) | 10/09/84 |
| 1000-1009D, 1000-1007E, 1000F & 1000G | (20) | 12/13/84 |
| 9-1000, 1008E | (2) | 12/14/84 |
| SP175303 | (1) | 1/18/85 |
| 9858 | (1) | 4/11/85 |
| SP-312768 | (1) | 5/29/85 |

See: 27 C.F.R. § 179.11; *Sherwood International Export Corp. v. Higgins*, Civil Action No. 85–1367 (D.D.C. May 23, 1986) Available on WESTLAW, DCT database; S.Rep. No. 1501, 90th Cong., 2d Sess. 45–46; 1968 U.S. Code Cong. & Ad. News 4410, 4434 (H.R. Cong.Rep. No. 1956, 90th Cong. 2d Sess.).

6. The item listed by debtor as a SKS select fire conversion assembly on a ATF Form 2 dated December 24, 1984, approved for registration by the BATF as a manufactured conversion kit is a firearm as defined by the National Firearms Act, 26 U.S.C. §§ 5845(a) and (b). S.Rep. No. 1501, 90th Cong.2d Sess. 45–46; 1968 U.S. Code Cong. & Ad.; News 4410, 4434 (H.R. Cong.Rep. No. 1956, 90th Cong.2d Sess.); *United States v. Campbell*, 427 F.2d 892 (5th Cir. 1970); *United States v. Kelly*, 548 F.Supp. 1130 (E.D.Pa.1982).

■ 7. The debtor manufactured the firearms described in paragraphs 5 and 6, *supra*, during the period which debtor's special occupational tax was not paid or prior to the time the occupational tax for fiscal year 1984 was not paid. Therefore, debtor was not a qualified manufacturer entitled to an exemption from the tax imposed pursuant to 26 U.S.C. § 5821, on the making of a firearm on the date each firearm in question was registered. 26 U.S.C. § 5852(c); 27 C.F.R. §§ 179.61, 179.68. Accordingly, debtor is liable to claimant for the tax, at the rate of $200.00 for each making, plus penalties and interest to the date of petition for the making of each and every firearm described in paragraphs 5 and 6, *supra*, totaling $7,955.63. 26 U.S.C. §§ 5821, 6601, and 6651; 27 C.F.R. § 179.-61.

■ 8. The debtor transferred the firearms described in paragraph 19 of the Findings of Fact, *supra*, during the period which the debtor's special occupational tax was not paid or prior to the time the occupational tax for fiscal year 1984 was not paid. Therefore, debtor was not a qualified manufacturer or a special occupational taxpayer entitled to an exemption from the transfer tax imposed pursuant to 26 U.S.C. § 5811, on the transfer of a firearm on the date each transfer in question took place. 26 U.S.C. § 5852(d); 27 C.F.R. §§ 179.81, 179.88. Accordingly, debtor is liable to claimant for the tax at the rate of $200.00 for each transfer, plus interest, for each and every firearm it transferred described in paragraph 19 of the Findings of Fact, *supra*, totaling $6,066.72. 26 U.S.C. §§ 5811, 6601, 6651; 27 C.F.R. §§ 179.81, 179.82.

9. The debtor is liable for penalties assessed due to its failure to pay the tax on the date due "... unless it is shown that such failure is due to reasonable cause and not due to willful neglect ...." 26 U.S.C. § 6651. Debtor has met this exception to 26 U.S.C. § 6651 as to each transfer in question and accordingly is not liable for the assessed penalties totaling $1,530.00.

10. There is due and owing from debtor to claimant the total sum of $15,197.43, which shall be allowed as an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(7).

For these reasons, a separate Order sustaining debtor's objection in part will be entered.

### ORDER SUSTAINING IN PART DEBTOR'S OBJECTION TO CLAIM NO. 6

Upon Findings of Fact and Conclusions of Law separately entered, it is

ORDERED as follows:

1. Debtor's objection to claim number 6 filed by the Bureau of Alcohol, Tobacco, and Firearms is sustained in part.

2. Claim number 6 filed by the Bureau of Alcohol, Tobacco, and Firearms is allowed in the amount of $15,197.43, and is an unsecured claim entitled to priority under 11 U.S.C. § 507(a)(7).