**In re GEMINI BAY CORPORATION, d/b/a Sandollar Restaurant and Marina, Debtor.**

**Bankruptcy No. 91–697–BKC–3P1.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Sept. 22, 1992.

Mike E. Jorgensen, Franson, Aldridge and Sands, Jacksonville, Fla., for debtor.

Michael G. Tanner, Jacksonville, Fla., for Register Co.

Juan Lopez–Palmer, Legal Dept., Orlando, Fla., for F.D.I.C.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon Register Company's ("Register") Objection to Claim by Federal Deposit Insurance Corporation ("FDIC"). Upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

Debtor owns and operates a seafood restaurant and boat marina ("Restaurant and Marina") located on the St. Johns River in Duval County, Florida.

On November 30, 1988, in connection with and in order to finance the construction of the Restaurant and Marina, debtor executed and delivered to Tucker State Bank of Jacksonville ("Tucker") a mortgage note in the amount of $682,000.00. In order to secure the note, debtor granted Tucker a mortgage and security interest on the Restaurant and Marina.

On August 2, 1988, debtor entered into a standard AIA contract with Register to construct the Restaurant and Marina for $498,277.00.

On November 30, 1988, debtor, Tucker, and Register entered into a Construction Loan Agreement ("Agreement"). The Agreement provided that Tucker would disburse loan proceeds to debtor only upon obtaining 1) a draw request from Register and 2) authorization from an architect accepted by Tucker showing the percentage of completion of construction to date.

During the course of construction, the architect received seven draw requests from Register. The first six draw requests were certified by the architect and Tucker appropriately disbursed the loan proceeds.

The seventh draw request was reviewed by the architect who authorized a $72,-724.00 disbursement to Register and recommended that Tucker retain $19,989.00 which was the amount necessary to complete the construction.

Despite the recommendation by the architect, Tucker disbursed only $35,000.00 to Register under the last draw request. The remaining $36,034.00 authorized was disbursed directly to third parties. The architect did not certify payment to anyone other than Register, nor had he in the past certified any payment to a party other than Register.

Subsequently, the FDIC, under procedures of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA'), became the receiver of Tucker.

On September 13, 1990, Register filed a claim against Tucker with the FDIC pursuant to 12 U.S.C. § 1821. Register sought payment based on the funds allegedly disbursed without authorization. The FDIC subsequently disallowed the claim.

Based on debtor's failure to make the note payments when due, the FDIC, as receiver of Tucker, commenced a mortgage foreclosure action on January 7, 1991, in state court.

On February 14, 1991, debtor filed a voluntary petition under chapter 11, thus staying the mortgage foreclosure.

The FDIC filed claim 14 on July 8, 1991 (amended by claim 20 on May 12, 1992), asserting a secured interest in debtor's estate in the amount of $837,554.47 under the note and mortgage.

Register objected to the FDIC's claim alleging that the FDIC is not secured to the extent claimed.

On March 18, 1992, Register filed proof of claim 19 showing itself as a secured creditor in the amount of $92,088.01 based

partially on an alleged equitable lien on the Restaurant and Marina.

The Court, on March 31, 1992, entered an Order Granting Debtor's Motion to Value Real Property. Upon the stipulation of the parties, the Court valued the Restaurant and Marina at $500,000.00.

Register argues that the FDIC is not secured to the full extent of its claim and suggests the claim should be unsecured to the extent that Tucker made unauthorized disbursements to third parties. The FDIC responds by asserting that this Court does not have subject matter jurisdiction because under the provisions of FIRREA any claim made against a failed banking institution in receivership must be made through the FDIC and court involvement is prohibited until all administrative remedies have been exhausted.

### Conclusions of Law

■ Under FIRREA the FDIC has jurisdiction to determine claims made against it as receiver for Tucker. 12 U.S.C. § 1821(d)(3)–(8). The FDIC exercised such jurisdiction in disallowing the claim Register made against it. However, the issue before the Court concerns the FDIC's claim against the bankruptcy estate. Because the issue does not concern a claim against the assets of a failed depository, FIRREA does not affect the resolution of Register's objection and this Court has subject matter jurisdiction to determine the claim.

■ The allowance of claims is governed by § 502, which states in relevant part:

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement of applicable law for a reason other than because such claim is contingent or unmatured....

Federal Rule of Bankruptcy Procedure 3007 provides further guidance on objections to claims:

An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

Thus, a claim is presumed valid and is *prima facie* evidence of both its validity and the amount. *In re Securities Groups*, 116 B.R. 839, 845 (Bankr.M.D.Fla.1990). A creditor or other interested party may file a written objection to any claim at which time the Court must resolve the objection after notice and a hearing. However, if the objection involves a demand for relief specified in Federal Rule of Bankruptcy Procedure 7001, then an adversary proceeding is necessary.

In the case at bar, Register, a creditor and interested party, filed a timely written objection to the FDIC's claim. At first blush the objection appears to challenge the priority of the FDIC's lien, thus requiring resolution through an adversary proceeding. *See* F.R.B.P. 7001(2). However a closer reading of the objection, as well as Register's subsequently filed papers, indicates that no affirmative relief is sought. The objection speaks solely to the amount of the claim which should be entitled to secured status. Accordingly, resolution of the objection as a contested matter, rather than an adversary proceeding, is appropriate.

■ Register challenges the claim based upon equitable premises, including that the FDIC, as receiver for Tucker, is precluded

from relying on the note and mortgage as the basis for its secured claim to the extent of Tucker's wrongful disbursements. Thus Register argues that to the extent of the disbursements made in derogation of the loan Agreement, the FDIC is equitably estopped from asserting a security interest in the Restaurant and Marina.

Register relies on a principle of Florida law that precludes a lending institution or its successor-in-interest from enforcing, in whole or in part, to the detriment of another party, a mortgage where the lending institution has engaged in wrongful conduct which would make such enforcement unconscionable. *Clark v. Lachenmeier,* 237 So.2d 583, 584–85 (Fla. 2d DCA1970) (court may disallow foreclosure where mortgagee has engaged in unconscionable or inequitable conduct); *see also Rubenstein v. Richard Fidlin Corp.,* 346 So.2d 89, 91 (Fla. 3d DCA1977) ("The law is well-settled that a party is estopped from asserting legal rights to the detriment of another party where to do so would be unconscionable.")

This Court has held that the burden is on the objector to sustain its objection and, thus, overcome the *prima facie* validity of the claim. *In re Securities Groups,* 116 B.R. at 845; *In re St. Augustine Gun Works, Inc.,* 75 B.R. 495, 499 (Bankr. M.D.Fla.1987). The presumption must be overcome with affirmative proof. *Id.*

Here Register has failed to overcome the presumption. Section 502(b)(1) states that the claim shall be allowed except to the extent that the claim is unenforceable under applicable law. Register argues that a portion of the secured claim should be disallowed because it is unenforceable under Florida law. However, the evidence presented was insufficient to establish unconscionable or inequitable conduct. Accordingly, Register failed to met its burden and the objection to FDIC's claim is overruled.

A separate order will be entered in accordance with these Findings of Fact and Conclusions of Law.