**In re Georgina LANE, Debtor.**

**Civ. A. No. 91–13265–K.**

United States District Court,
D. Massachusetts.

Jan. 14, 1992.

Edgar L. Kelley, Keeley & O'Leary, North Andover, Mass., Michael Manzi, Law Office of Michael Manzi, Lawrence, Mass., for Georgina Lane.

Michael B. Feinman, Caffrey & Caffrey, Andover, Mass., for Charles A. Shattuck and June Shattuck.

Steven D. Pohl, Brown, Rudnick, Freed & Gesmer, Boston, Mass., for Bank of New England, Andover Sav. Bank and Pioneer Financial, a Co-op. Bank.

Charles Dalton, Jr., Dalton & Baron, Andover, Mass., for Richard Pruneau.

Warren Kennedy, pro se.

Rebecca A. Backman, pro se.

## MEMORANDUM

KEETON, District Judge.

Debtor filed bankruptcy under chapter 11 in February 1991. Later that year, the FDIC—a creditor of the debtor—moved the bankruptcy court to remove the automatic bankruptcy stay of 11 U.S.C. § 362 and convert plaintiff's bankruptcy to a chapter 7 proceeding. On November 8, 1991, the bankruptcy court, after a hearing, allowed the FDIC's motion for relief from stay and converted debtor's chapter 11 proceeding to a chapter 7 bankruptcy. Debtor promptly filed an appeal of the bankruptcy court's orders on the ground that the orders were erroneous because the bankruptcy court did not consider the assets of a co-debtor in determining whether relief from stay and conversion were appropriate.

After the bankruptcy court allowed the motion for relief from stay, the FDIC scheduled foreclosure sales of debtor's

320

properties. In particular, the FDIC scheduled a sale of the debtor's home for January 14, 1992. Debtor then moved this court to issue a temporary restraining order, staying the FDIC's foreclosure proceedings, pending this court's decision on the bankruptcy appeal.

At a hearing on January 13, 1992, this court stayed the enforcement and effect of the bankruptcy court's orders of November 8, 1991. This Memorandum supplements this court's findings and conclusions stated orally at that hearing.

## I.

■ The FDIC argues that 12 U.S.C. § 1821(j) deprives this court of jurisdiction to issue an order that has the effect of staying the foreclosure sales. That section states:

Except as provided in this section, no court may take any action except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or receiver.

12 U.S.C. § 1821(j). The FDIC contends that an order staying the effect of the bankruptcy court's November 8, 1991 orders, including the order relieving the FDIC from the § 362 bankruptcy stay, will have the effect of staying the FDIC's foreclosure sales and thus "restrain or affect the exercise of powers or functions of the Corporation as a conservator or receiver." Thus, the argument goes, § 1821(j) deprives this court of jurisdiction to issue such an order.

The FDIC's broad reading of § 1821(j) is without merit. In this case the debtor argues that the bankruptcy court's orders removing the § 362 stay and converting the bankruptcy to chapter 7 proceeding, were erroneous because the court did not consider the assets of a co-debtor in determining the feasibility of the debtor's reorganization plan. Thus, the debtor requests this court to stay the effect of the bankruptcy court's orders pending this court's resolution of debtor's appeal. If the court does not stay the effect of the bankruptcy

court's orders, the FDIC is free to foreclose on the debtor's property, and the debtor's appeal will become moot.

An order staying the effect of the bankruptcy court's orders will not "restrain or affect the [FDIC's] exercise of its powers or functions." The FDIC does not appear to argue that § 1821(j) gives it the authority to foreclose on property even when a § 362 bankruptcy stay is in effect. Indeed, the fact that the FDIC moved for relief from the stay pursuant to 11 U.S.C. § 362(d) suggests that the FDIC concedes that it is bound by the § 362 bankruptcy stay. Thus, an order that the bankruptcy stay remain in place pending resolution of debtor's appeal will not restrain the FDIC's exercise of its power because the FDIC does not have any power to foreclose on property when a § 362 stay is in effect. In other words, an order that the bankruptcy stay remain in effect does not restrain the FDIC's exercise of its authority anymore than does the original application of the § 362 stay, or anymore than if the bankruptcy court had denied, rather than allowed, FDIC's motion for relief from stay.

As a result, this case is distinguishable from this court's decision in *Costa v. Resolution Trust Corporation*, Civil Action 91–10668–K (D.Mass. March 14, 1991). In that case the plaintiffs moved the court to stay the RTC's foreclosure sale of the plaintiffs' condominiums pending the outcome of the plaintiffs' fraud case against the RTC as receiver for the insolvent lending institution. The court observed:

In response to the court's inquiries about whether RTC is in effect contending that Congress has granted RTC a power to act in its own discretion and without accountability in any forum, RTC has orally stipulated that this court has jurisdiction to adjudicate a claim by plaintiffs for money damages based on plaintiff's contention that the foreclosure proceedings are being conducted by RTC in a manner that violated Massachusetts law and, by chilling prospective buyers, will result in a sale at a lower amount than would be realized at a valid foreclosure sale.

This stipulation undercuts, to some extent at least, plaintiff's claim of irreparable harm. Even more significantly, it bears upon the statutory interpretation issue presented by this controversy. The RTC contention is not a claim that Congress granted it a raw power without accountability, but only that Congress forbad a court's allowing equitable relief that would interfere with the manner of RTC's exercise of its statutory authority. There the FDIC had power to foreclose on plaintiff's property, even if plaintiff's fraud claim was valid. In this case, in contrast, the FDIC does not have the power to foreclose if the stay is in effect. Thus, a temporary restraining order in this case, unlike *Costa,* does not restrain the FDIC's exercise of its power.

The Fifth Circuit's decision in *Joint Venture v. Onion,* 938 F.2d 35 (5th Cir.1991), is similarly distinguishable. There the bankruptcy court did allow the RTC's motion for relief from stay and the debtor did subsequently apply for a preliminary injunction of foreclosure proceedings. The debtor, however, was not appealing the bankruptcy court's order, but rather contended that the district court should stay foreclosure pending resolution of plaintiff's claim against the RTC. *Id.* at 39. Thus *Joint Venture* did not involve the jurisdiction of the district courts to hear bankruptcy appeals.

At the oral hearing on January 13, 1992, the FDIC proposed that this court has jurisdiction to vacate the bankruptcy court's orders and remand for further proceedings in that court, but that § 1821(j) prohibits this court from staying the effect of the bankruptcy court's orders pending resolution of the appeal in this court. Thus, the FDIC requested that the court immediately vacate the bankruptcy court's orders and remand rather than issue a stay pending resolution of this appeal.

The FDIC's distinction between an order to vacate and an order to stay cannot be found in the language of section 1821(j). That section states that a district court shall not take an action that restrains or affects the FDIC's exercise of its power.

If this court issues an order to vacate the bankruptcy court's order relieving the FDIC from the § 362 stay, the automatic stay will be back in effect and the FDIC will not be able to foreclose on the debtor's properties. The same result obtains if this court stays the effect of the bankruptcy court's order relieving the FDIC from the stay. The only substantive difference between the two approaches is that, with the order to stay, the court has time to consider the grounds for appeal and determine, based on reasoned decision-making, whether the bankruptcy court's orders should be affirmed, reversed or vacated.

To the extent, if at all, that the FDIC's position amounts to a proposal that § 1821(j) gives it the power to foreclose even when a bankruptcy stay has been entered, its position comes far closer to, if indeed it is not exactly, the assertion that Congress granted FDIC a power without accountability in any forum. Indeed, FDIC's position would seem to imply that in any bankruptcy proceeding in which the FDIC is a creditor, if the FDIC persuades the bankruptcy court to remove a stay and convert a bankruptcy to chapter 7, then, even if the bankruptcy court erred, FDIC may nevertheless foreclose without any accountability in any forum. This result follows from the assertion that once the FDIC is allowed to foreclose the appeal becomes moot.

In effect then, FDIC asks this court to treat FDIC as having a power that overrides both substantive and procedural law governing bankruptcy proceedings, simply because enforcement of those bodies of law places some constraints on FDIC's power to foreclose under mortgages in which it has interests as successor to a failed bank. Such an extraordinary interpretation of the manifested intent of Congress cannot be sustained.

## II.

■ The FDIC contends that the court should not stay the bankruptcy court's orders pending appeal on the ground that the debtor has not met her burden of showing that she is likely to prevail on appeal. "An

applicant for a stay pending appeal must demonstrate among other things that there exists a probability that he will succeed in his appeal on the merits." *Morgan v. Kerrigan*, 523 F.2d 917, 920 (1st Cir.1975).

At oral argument, and in her memorandum in support of a stay of the bankruptcy orders, the debtor argues that the bankruptcy judge failed to make specific findings and conclusions of law as is required in bankruptcy contested matters. *See* Fed. R.Civ.P. 52; *Kelly v. Everglades Drainage District*, 319 U.S. 415, 63 S.Ct. 1141, 87 L.Ed. 1485 (1943). In such a case, the debtor argues that the appropriate relief is to vacate the bankruptcy orders and remand. In the alternative, the debtor argues that the bankruptcy court's failure to consider the debtor's right of contribution from a co-debtor was reversible error.

Based on the submissions of the parties, my review of the bankruptcy court transcript, and oral argument at the January 13, 1992 hearing, I conclude that the debtor has shown a likelihood of success on her claim that the bankruptcy court failed to make specific findings and conclusions of law as is required in bankruptcy contested matters. A separate order staying the effect of the bankruptcy court's orders was entered on January 13, 1992 and shall remain in effect until further order of this court.