## In the Matter of NNLC CORPORATION, Debtor.

### Martin W. HOFFMAN, Trustee, Plaintiff,

v.

### FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver for Suffield Bank, Defendant.

Bankruptcy No. 2–88–00747.

Adv. No. 89–2168.

United States Bankruptcy Court, D. Connecticut.

Jan. 23, 1992.

---

See also 96 B.R. 7.

Martin W. Hoffman, Hartford, Conn., for plaintiff.

Janet Hubon Stratton, Updike, Kelly & Spellacy, P.C., Hartford, Conn., for defendant.

RULING AND ORDER ON MOTION OF FEDERAL DEPOSIT INSURANCE CORPORATION TO DISMISS WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION, OR, IN THE ALTERNATIVE, TO STAY PROCEEDING

ROBERT L. KRECHEVSKY, Chief Judge.

I.

Martin W. Hoffman, a chapter 7 trustee, commenced this adversary proceeding on June 6, 1989 against Suffield Bank (Bank). The complaint asserted, in count one, that NNLC Corporation, the debtor, had made a preferential transfer, avoidable under Code § 547(b), of $20,625.00 to the Bank for which recovery was sought, and, in count two, that the Bank's claimed security interest in certain of the debtor's personalty was avoidable under Code § 544(a)(1) because it contained a defective description of the collateral. The trustee thereafter, pursuant to court order, sold the debtor's personalty for $192,028.38 with the Bank's claim attaching to the proceeds.

On May 8, 1991, upon completion of discovery, the Bank moved for summary judgment in its favor on both counts. The trustee on September 6, 1991 filed papers in opposition to the motion. On the same

day, the Connecticut Superior Court, upon the application of the Commissioner of Banking for the State of Connecticut, declared the Bank insolvent and appointed the Federal Deposit Insurance Corporation (FDIC) the Bank's receiver. The FDIC, substituted for the Bank as the defendant in this proceeding on November 14, 1991, filed on December 6, 1991 the present motion to dismiss or to stay the trustee's preference claim contained in count one of the complaint.

## II.

The FDIC's motion relies upon provisions contained in the Financial Institutions Reform and Recovery Act of 1989 (FIRREA) which include a claims processing procedure before the FDIC (12 U.S.C. § 1821(d)(3)–(13)). These sections, in general, indicate that persons having claims against failed depository institutions placed under FDIC receivership should present their claims to the FDIC for allowance. Only after the passage of 180 days from such presentment, or after denial of the claim, can the claimant resort to court action if the claimant chooses not to seek further administrative review. *See In re Federal Deposit Insurance Corporation*, 762 F.Supp. 1002, 1004 (D.Mass.1991) ("The stay sought by the FDIC is not explicitly authorized by the provisions of [FIRREA]. Instead, the right to a stay is necessarily implied in the provisions in FIRREA for the administrative processing by the FDIC, as receiver, of claims against an insolvent bank."); *Parker North American v. RTC (In re Parker North American)*, 131 B.R. 452, 456 (Bankr.C.D.Cal.1991) (debtor in possession cannot continue preference action against receiver of failed bank until FIRREA administrative claim procedure process exhausted).

The trustee's memorandum does not dispute the applicability of FIRREA in the present instance but requests that the court stay, not dismiss, the action. The FDIC's memorandum contends that the court should dismiss count one, not only because the court lacks "subject matter" jurisdiction, but also because "judicial economy is thereby promoted." FDIC's Mem.

at 7. For reasons that follow, I conclude that the FDIC arguments for dismissal rather than entry of a stay are unpersuasive.

## III.

12 U.S.C. § 1821(d)(13)(D) provides the following limitation on judicial review:

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any action or omission or such institution or the Corporation as receiver.

The "[e]xcept as otherwise provided" language refers to 12 U.S.C. §§ 1821(d)(5)(F)(ii) and (d)(6)(A). Section 1821(d)(5)(F)(ii) provides: "Subject to paragraph (12), the filing of a claim with the receiver shall not prejudice any right of the claimant to *continue any action which was filed before the appointment of the receiver.*" (emphasis added). Section 1821(d)(6)(A) provides that after disallowance of a claim, "the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim (*or continue an action commenced before the appointment of the receiver*) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim)." (emphasis added). This language—"continue an action"—necessarily implies that the court retains subject matter jurisdiction over a pending proceeding, but may not decide the issues until the administrative claims resolution procedure is exhausted. *See Coston v. Gold Coast*

**614**

*Graphics, Inc.,* 787 F.Supp. 1532, 1535 (S.D.Fla.1991) (§§ 1821(d)(5)(F)(ii) and 1821(d)(6)(A) demonstrate that a "[c]ourt is not deprived of jurisdiction over the [pending] action ... [since a] claimant could not 'continue' an action over which the court has been deprived of subject matter jurisdiction."). *Cf. Connecticut Bank and Trust Co., N.A. v. CT Partners, Inc.,* 136 F.R.D. 347, 350 (D.Conn.1991) ("the FIRREA appears to mandate a stay of proceedings on claims in which the FDIC is the defendant until the FDIC claims process is exhausted."). *But Cf. Everett N. Dobson & Sons, Inc. v. Dictar Associates II,* 764 F.Supp. 1, 2 (D.Me.1991) (dismissing proceeding under 12 U.S.C. § 1821(d)(13)(D) because placing case on a suspense docket unwarranted).

The FDIC's claim of judicial economy is based on its belief that dismissed actions will rarely be refiled. The FDIC makes the seemingly hyperbolic assertion that the FDIC "has considerable substantive rights that preclude nearly every defense. As a result, it would require almost unique circumstances to have a situation where one could postulate a valid claim against the FDIC as Receiver that would not be one of the few, if any, defenses available against an action brought by such party." [sic] FDIC's Mem. at 10–11 (citations omitted). Reliance on a claim of judicial economy by the FDIC in this proceeding is difficult to comprehend in light of FDIC's desire to continue with its ongoing defense to the trustee's second count. Furthermore, the court questions the FDIC's premise that the FDIC will prevail in pending preference actions simply by virtue of the FDIC being substituted for the defendant bank.

The motion of the FDIC for dismissal of count one of the complaint is denied.

### IV.

The FDIC's alternative request for a stay of the proceeding mentions only the trustee's preference recovery count. The FDIC seeks to have the court continue to address the second count and decide the entitlement to the sale proceeds. I perceive no justification in this proceeding to proceed piecemeal on the issues presented by the FDIC's summary judgment motion. *See In re Federal Deposit Insurance Corporation,* 762 F.Supp. at 1005 (court concluded that partial stays "lead to wasteful piecemeal litigation" and entered a blanket order that "in any case in which a claimant's claim against the FDIC has been stayed, for the duration of that stay, all affirmative claims in that case of the [FDIC] will likewise be stayed."); *Bank of New England, N.A. v. Callahan,* 758 F.Supp. 61, 64 (D.N.H.1991) (where FDIC wished to proceed with claim but stay defendant's counterclaim, court found that "such a process would be unwise in this case ... since it would inevitably result in ... possible piecemeal claims resolution."). *Cf. Connecticut Bank and Trust Co., N.A. v. CT Partners, Inc.,* 136 F.R.D. at 351 (court stayed all proceedings after granting FDIC's request for stay of defendants' counterclaims against the FDIC).

Accordingly, this adversary proceeding, in its entirety, is stayed until the FIRREA procedures have been completely exhausted. It is

SO ORDERED.