In re **VALLEY FORGE PLAZA ASSOCIATES, Debtor.**

**COMMITTEE DISBURSING AGENT, Plaintiff,**

v.

**RESOLUTION TRUST CORPORATION, as Receiver for Hill Financial Corporation, Defendant.**

**Bankruptcy No. 89–11136S. Adv. No. 93–0272S.**

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 10, 1993.

Kevin Canavan, Philadelphia, PA, for plaintiff.

Peter C. Cilio, Philadelphia, PA, Robert Levin, Adelman, Lavine, Gold & Levin, Philadelphia, PA, for debtor.

Stuart M. Brown, Buchanan Ingersoll, P.C., Philadelphia, PA, for Creditors' Committee.

Frederic Baker, Philadelphia, PA, Asst. U.S. Trustee.

Paul Scheuritzel, Toll, Ebby, Langer & Marvin, Philadelphia, PA, for VFPA Guarantor Trust.

Lester Yassky, Gen. Counsel, Dai–Ichi Kangyo Bank, Ltd., New York City, for Dai–Ichi Kangyo Bank.

Elliott Solomon, Hebb & Gitlin, Hartford, CT, for Connecticut Gen. Life Ins. Co.

Robert J. Hoelscher, Drinker, Biddle & Reath, Philadelphia, PA, for Midlantic Nat. Bank.

## OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

### A. INTRODUCTION

Presently before this court for resolution is a Motion ("the Motion") filed by Hill Financial Savings Association ("Hill") and the Resolution Trust Company, as receiver for Hill ("the RTC") (collectively Hill and the RTC are referenced as "the Defendants"), seeking to dismiss an adversary Complaint filed against the RTC by the Committee Disbursing Agent ("the CDA") of VALLEY FORGE PLAZA ASSOCIATES ("the Debtor"). The Complaint seeks to recover, as preferential transfers, pursuant to 11 U.S.C. § 547, payments in the amount of $43,048.00 allegedly made by the Debtor to Hill. The Motion argues that this court must dismiss the Complaint because it is precluded from exercising subject matter jurisdiction under the terms of 12 U.S.C. § 1821(d)(13)(D) of the Financial Institutions Reform, Recovery and Enforcement Act of 1985 ("FIRREA").

This court will grant the Motion because we find that (1) FIRREA generally relegates claimants *against* the RTC to the FIRREA process; and (2) no exceptions to the exclusivity of the FIRREA claims process, most notably the RTC's continuing assertion of a claim against the Debtor which the Debtor's claim can offset, apply.

### B. PROCEDURAL AND FACTUAL HISTORY

The instant matter arises in connection with the Chapter 11 bankruptcy of the Debtor, filed on March 28, 1989. On April 17, 1991, this court confirmed a consensual plan submitted by two of the Debtor's largest secured creditors which the CDA, in the instant Complaint, alleges provided it with authority to "investigate and prosecute" preference claims on behalf of the Debtor.

The instant Complaint was filed by the CDA on April 1, 1993. Trial in the matter was originally scheduled for May 26, 1993, but was continued by agreement until August 25, 1993.

The Defendants filed the Motion before us on August 17, 1993. In response thereto, this court, August 20, 1993, entered an Order directing the Defendants to file an Answer to the Complaint, and the Plaintiff to file an Answer and/or Brief in opposition to the Motion by September 3, 1993; and scheduling any necessary trial on a must-be-tried basis on September 15, 1993.

On September 3, 1993, the CDA filed only a brief Answer to the Motion, and on September 9, 1993, it belatedly filed a brief Memorandum of Law. The Defendants filed both an Answer to the Complaint and a Memorandum of Law in support of the Motion on September 3, 1993.

## C. DISCUSSION

FIRREA provides, at 12 U.S.C. § 1821(d)(13)(D)(i), (ii), that

[e]xcept as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any action or omission or such institution or the Corporation as receiver.

The Third Circuit Court of Appeals has held, in *Federal Deposit Ins. Corp. v. Shain, Schaffer & Rafanello,* 944 F.2d 129, 132 (3rd Cir.1991), that

FIRREA's claims procedure in section 1821(d) is exclusive. Congress expressly withdrew jurisdiction from all courts over any claim to a failed bank's assets that are made outside the procedure set forth in section 1821. *See* 12 U.S.C. §§ 1821(d)(6) and 1821(d)(13)(D). *See also Rosa v. Resolution Trust Corp.,* 938 F.2d 383, 391 (3d Cir.1991) [, *cert. denied,* [—— U.S. ——,] 112 S.Ct. 582[, 116 L.Ed.2d 608] (1991) ]; *Resolution Trust Corp. v. Elman,* 761 F.Supp. 245 (S.D.N.Y.1991); *Re First City Nat'l Bank & Trust Co.,* 759 F.Supp. 1048, 1050 (S.D.N.Y.1991). Recently, we observed that the jurisdictional bar of section 1821(d)(13)(D) reaches "(1) claims for payment from the assets of [the failed bank], (2) actions for payment from those assets and (3) actions for a determination of rights with respect to those assets." *Rosa,* 938 F.2d at 939 (footnote omitted).

The broad application of § 1821(d) as a bar to all FIRREA-related bankruptcy litigation has been tempered by a spate of decisions concluding that the provisions of FIRREA do not apply to proceedings which seek to determine the extent or status of claims advanced by the RTC on behalf of failed institutions which were creditors of debtors. *See In re Continental Financial Resources, Inc.,* 154 B.R. 385, 388–89 (D.Mass.1993); *In re Purcell,* 150 B.R. 111, 116 (D.Vt.1993); *In re All Season's Kitchen, Inc.,* 145 B.R. 391, 397 (Bankr.D.Vt. 1992); and *In re Gemini Bay Corp.,* 145 B.R. 350, 352 (Bankr.M.D.Fla.1992). The rationale relied upon by these courts is that an analysis of the statutory history and the plain language of FIRREA does not indicate that it was meant to apply to the failed entity's debtors, as opposed to its creditors. *But see In re American Mortgage & Inv. Service, Inc.,* 141 B.R. 578, 583–86 (Bankr. D.N.J.1992) (debtor of failed institution must exhaust FIRREA claims process before attacking a secured claim of the failed institution).

In *In re Parker North American Corp.,* 148 B.R. 925, 930 (C.D.Cal.1992) ("*Parker II*"), the court held that, if the RTC sought a recovery against the Debtor in the bankruptcy proceeding which rendered the Debtor's claim "inextricably related" to the RTC's claim, a bankruptcy court was vested with an "independent basis for jurisdiction" under 11 U.S.C. § 106(a) to proceed with a preference claim against the RTC. The court reasoned that permitting a preference action against the RTC to be maintained in these circumstances was "properly seen as a defense to the RTC's action." *Id.* In this way, the *Parker II* court reasoned that the RTC was not merely in a "defensive posture" and hence was subject to resolution of this matter under the bankruptcy court's equitable power. *Id.*

Other cases have emphasized that FIRREA provisions cannot be interpreted in such a manner as to undermine fundamental bankruptcy concepts, such as the enforcement of the automatic stay. *See In re Colonial Realty Co.,* 980 F.2d 125, 130–37 (2d Cir.1992); and *In re Lane,* 136 B.R.

319, 320–21 (D.Mass.1992). *But cf. In re Landmark Land Co. of Oklahoma, Inc.*, 973 F.2d 283, 289–90 (4th Cir.1992) (FIRREA bars entry of an injunction to prevent the RTC from conducting a meeting of shareholders of a failed banking institution which it had taken over). A recent case suggests that the RTC may waive the exclusivity of the FIRREA claims process by unreasonable delay in raising that issue. *See In re Scott,* 157 B.R. 297, 315–19 (Bankr.W.D.Tex.1993).

This court's independent review of the record in this case reveals that this court considered the status of the Defendants' claims against the Debtor in a Memorandum and Order of April 28, 1992, reported as *In re Valley Forge Plaza Associates,* 1992 WL 96336 (Bankr.E.D.Pa.1992) (cited hereinafter as *"Hill I"*). There, we noted that Hill was listed as an undisputed creditor on the Debtor's Schedules, but that the RTC had filed a proof of claim in the amount of $1,124,000 on its behalf (Claim No. 182) on April 16, 1991. In *Hill I,* this court sustained an Objection to that claim on the ground that the indebtedness was solely that of the Debtor's individual principals, not the Debtor. That decision was not appealed.

Therefore, the RTC can no longer assert a claim against the Debtor. Thus, in contrast to the facts of *Parker II,* the RTC was not affirmatively asserting claims against the Debtor at the time that this proceeding was instituted. The Debtor's claim is therefore not in the nature of an offset against the RTC's claim, but strictly a claim against the RTC. Consequently, it does not appear that the Debtor can successfully argue that the RTC waived its right to insist upon the exclusivity of the FIRREA claims process. *But see In re Continental Financial Resources, Inc.,* 154 B.R. 385, 387 (D.Mass.1993) (the RTC's filing of a proof of claim is analyzed as a waiver of an objection to its submission to

the bankruptcy court's equitable powers, citing *Langenkamp v. Culp,* 498 U.S. 42, 44, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990)).[1]

It is also impossible for the Debtor to argue that it is not asserting a claim against the RTC on behalf of Hill, as opposed to merely attempting to adjust the extent and status of Hill's claim against the Debtor. Nor is disallowing the CDA to assert a right to recover a modest preference claim against the RTC in this proceeding likely to frustrate the application of any fundamental bankruptcy-law concepts. Nor has the RTC unreasonably delayed in raising this issue. Therefore, it is difficult to understand how any exceptions from the preclusive effect of § 1821(d)(13)(D) could apply here. *See In re NNLC Corp.,* 136 B.R. 611, 613 (Bankr.D.Conn.1992) (trustee did not even argue that a preference action against the RTC was not subject to § 1821(d)(13)(D), but merely contended that the action should be stayed pending exhaustion of the RTC claims process as opposed to being dismissed); and *In re Parker North American Corp.,* 131 B.R. 452, 456–57 (Bankr.C.D.Cal.1991), *rev'd, Parker II, supra* (court *sua sponte* dismisses preference action for lack of subject matter jurisdiction due to the presence of § 1821(d)(13)(D)).

We are reluctant to utilize here the *NNLC* court's alternative to dismissal, *i.e.,* staying this proceeding pending the CDA's invocation of the RTC claims process, as the CDA requests in its belated-submitted Memorandum. This court is pressing the CDA and all other interested parties to complete all matters relevant to this case as soon as possible, in order that we can promptly enter a Final Decree and close it, particularly at this juncture, almost two and a half years after confirmation. For example, in an Order of July 1, 1993, we directed the CDA to file any proceedings against the Debtor's secured creditors com-

---

**1.** This court doubts that the issue of the RTC's waiver of the FIRREA claims process can be analyzed in the same manner as a creditor's waiver of an exemption from a bankruptcy court's equitable jurisdiction in *Langenkamp.* It seems to us that, as the *Parker II* court reasons, there must be a contemporary attempt by the Debtor to merely offset an RTC claim, as opposed to the Debtor's attempting to make a claim against the RTC, for any sort of waiver of the FIRREA claims process to run against the RTC.

pelling them to make the contributions due from them under the terms of the confirmed plan on or before August 9, 1993, with trials on same, plus a status hearing to determine when this case can be closed, on September 29, 1993. In response, the CDA has filed Adversary No. 93–0613S, naming the Trustee of the VFPA Grantor Trust and three of the Debtors' secured creditors as defendants. We are reluctant to hold this proceeding open, which probably would require us to keep this entire bankruptcy case open in turn, pending the completion of the FIRREA claims process in reference to the Debtor's claims, the duration of which will be uncertain.

## D. CONCLUSION

Therefore, we will proceed to grant the Motion and dismiss the instant proceeding on the ground that the Debtor is obliged to pursue and exhaust the FIRREA claims procedure, much as creditors of a debtor in bankruptcy must be relegated to the bankruptcy claims process. *Compare In re FRG, Inc.,* 121 B.R. 710, 714 (Bankr. E.D.Pa.1990); and *In re New York City Shoes, Inc.,* 84 B.R. 947, 959–60 (Bankr. E.D.Pa.1988).

## ORDER

AND NOW, this 10th day of September, 1993, upon consideration of the Defendant's Motion to Dismiss this case ("the Motion"), the Answer of the Plaintiff, and the Memorandum of Law in support of the Motion submitted by the Defendants, it is hereby ORDERED AND DECREED as follows:

1. The Motion is GRANTED.

2. The Plaintiff's Complaint is DISMISSED.