# In re NEPTUNE POOL SERVICE, INC. d/b/a Heritage Pools, Debtor.

## Bankruptcy No. 91–2069–9P1.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Sept. 3, 1992.

Jeffrey W. Leasure, Fort Myers, Fla., for debtor.

Larry M. Foyle, Tampa, Fla., for GMAC.

## ORDER ON DEBTOR'S OBJECTIONS TO CLAIMS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case and the matter under consideration is the Debtor's Objection to Claim # 64 of General Motors Acceptance Corporation (GMAC) in the amount of $2,469.12, and Claim # 65 of GMAC in the amount of $7,134.03. The Court considered the Objections, together with comments of counsel and the record, and is satisfied that it is appropriate to sustain the Debtor's Objection and to disallow Claim # 64 and Claim # 65 of GMAC. The facts relevant to the matter under consideration are as follows.

GMAC originally filed two secured claims, Claim # 6 and Claim # 8. GMAC never filed a Motion to value its collateral under § 506 in order to bifurcate its claim into secured and unsecured portions. On May 1, 1991, the Debtor filed a Report and Notice of Intent to Abandon the Vehicles on which GMAC had liens. On July 17, 1991, the Debtor filed its Plan of Reorganization. On November 22, 1991, the Court entered an Order Confirming the Plan. The Plan did not deal with the secured claim of GMAC simply because the Debtor abandoned GMAC's collateral.

GMAC ultimately sold the vehicles, and then on March 6, 1992, filed Amended Claims, Claim # 64 and Claim # 65 seeking to have its deficiency claim treated under the Plan of Reorganization. The Debtor then filed its Objections to the Original and Amended Claims, alleging that the original claims should be disallowed as they were filed as secured claims, and the Debtor had returned GMAC's collateral, and that the amended claims should be disallowed for the same reason and also because they were filed after the October 18, 1991 bar date for filing claims. This Court has already entered Orders disallowing the original claims.

This Court recognizes that neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure provide a bar date after which Motions to Value Collateral cannot be filed. However, this Court is of the opinion that in order to assure an orderly administration of Chapter 11 cases, it is essential that a creditor file a Motion to Value Collateral, or at least a proof of claim asserting a bifurcated secured and unsecured claim before the bar date for filing claims in order to put the Debtor and other parties of interest on notice that it intends to assert a deficiency claim. To accept the proposition urged by counsel for GMAC that a creditor should be permitted to belatedly assert an unsecured claim, even after the Plan has been confirmed, would create total havoc to the reorganization process. If GMAC is now permitted to assert an unsecured deficiency claim, this may radically change the return to unsecured creditors who have timely filed their claims and who voted in favor of the Plan, in reliance of the provisions set forth in the Plan. Considering the equities, there is hardly any doubt that they weigh heavily in favor of unsecured creditors who timely filed their claims and against a secured creditor like GMAC who, for whatever reason, did not timely seek a valuation of its collateral and assert a deficiency claim, or at least present its original claim as partially secured and partially unsecured. To require this certainly should not impose an undue burden on an undersecured creditor and would greatly facilitate the reorganization process in a manner fair to all parties of interest.

In sum, the Court is satisfied that the Debtor's Objection to the claims of GMAC

should be sustained, and the Amended Claims of GMAC should be disallowed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Objection to Claims # 64 and # 65 of General Motors Acceptance Corporation be, and the same are hereby, sustained, and Claims # 64 and # 65 of General Motors Acceptance Corporation be, and the same are hereby, disallowed.

DONE AND ORDERED.