In re Lee Edward HAACK, d/b/a Laura Spring Corporation, Debtor.

Bankruptcy No. 90–0108–BKC–3P1.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Jan. 25, 1994.

Albert H. Mickler, Jacksonville, FL, for debtor.

Sharon L. Simmons, Jacksonville, FL, for Standard Federal.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon debtor's objection to claims 11 and 12 filed by Resolution Trust Corporation n/k/a Standard Federal Savings Bank ("Standard Federal") and upon Standard Federal's motion to dismiss the case. The Court held hearings on March 2, 1993, and May 18, 1993, on the motion to dismiss and entered an interim order denying the motion. The Court held an additional hearing on the objection to claims and the motion to dismiss on August 17, 1993, and now enters the following findings of fact and conclusions of law:

### Findings of Fact

Debtor filed his petition for reorganization under chapter 11 of Title 11 on January 11,

1990. Debtor is in the business of renting apartments and rehabilitating real estate. Standard Federal holds a mortgage on one of debtor's apartment buildings located at Second and Laura Streets in Jacksonville. Debtor listed Standard Federal in his statement of financial affairs as a secured creditor with a claim in the amount of $54,000.00 secured by property with a fair market value of $78,000.00. The $78,000.00 amount was crossed out and changed to $35,000.00 sometime after filing the schedules.

On January 31, 1990, Standard Federal filed its first proof of claim, ("claim 1"), a secured claim in the amount of $58,995.74. Debtor has not objected to this claim.

On September 18, 1990, debtor filed a motion to value the property securing Standard Federal's claim. The Court issued an Order directing Standard Federal to respond to debtor's motion to value. Standard Federal failed to respond and on October 12, 1990, the Court entered an order establishing the value of the apartment building as $35,000.00.

Pursuant to Federal Rule of Bankruptcy Procedure 3003(c), the Court set a bar date of September 25, 1990, for creditors who were not listed in debtors schedules or whose claims were listed as unliquidated, disputed, or contingent to file claims.

Debtor's plan of reorganization classified Standard Federal's claim as class III and proposed to pay $35,000.00 over 36 months with 10 percent interest per annum. At the same time, debtor referred to Standard Federal as a secured claimant holding a claim for $58,995.74 in his disclosure statement. Debtor's plan of reorganization placed unsecured creditors into class XI and proposed to pay the class $5,000.00 in installments of $83.50 per month. Standard Federal was not classified as an unsecured creditor in debtor's schedules, financial statement, or disclosure statement.

On December 21, 1990, Standard Federal filed claim 10 as a secured claim in the amount of $35,000.00 and claim 11 in the amount of $18,269.97. Each of the claims

state that they amend Standard Federal's claim filed January 30, 1990. On the proof of claim form for claim 11 the box for priority status pursuant to § 507(a)(6) is checked. The claim is not classified further.

The Court confirmed debtor's plan of reorganization on January 29, 1992.

Standard Federal filed claim 12 on August 31, 1992, claiming $30,932.65 as a priority claim. Standard Federal now states that claim 12 was filed in error and does not contest debtor's objection to claim 12.

Standard Federal filed its motion to dismiss on October 5, 1992, alleging failure to make payments under a confirmed plan. On May 18, 1993, at the continued hearing on Standard Federal's motion to dismiss, debtor argued that Standard Federal was not entitled to payment as an unsecured creditor under debtor's confirmed plan because claim 11 was untimely filed. The Court gave debtor 72 hours to file objections to claims and continued the motion to dismiss until the objections to claims could be heard. In the interim, the Court entered an order denying the motion to dismiss finding that debtor had made payments as required by the plan and that no funds had been paid Standard Federal as an unsecured creditor.

### Conclusions of Law

#### Priority Status

A claim is allowed as filed unless a party in interest objects. 11 U.S.C. § 502(a). Upon objection, the Court determines whether the claim should be allowed and in what amount. 11 U.S.C. § 502(b).

Standard Federal filed claim 1 in the amount of $58,995.74. No objections to claim 1 have been filed, thus, the claim is an allowed secured claim in the amount of $58,995.74.

Although debtor did not object to claim 1, he filed a motion to value which resulted in an order valuing the collateral underlying claim 1 at $35,000.00. Pursuant to § 506(a)[1]

---

**1.** Section 506(a) states in relevant part:
    An allowed claim of a creditor secured by a lien on property in which the state has an

interest, ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ... and is an

503

the valuation created two claims, a secured claim equal to the value of the security and an unsecured claim for the remaining amount. 11 U.S.C. § 506(a).

Approximately two months after the valuation order and after the bar date, Standard Federal filed claims 10 and 11. Standard Federal filed claim 10 as a secured claim equal to the value of its collateral and claim 11 as a priority claim in the amount of $18,-269.97.

Debtor argues that claim 11 should be disallowed because it was filed after the bar date and it was filed as a priority claim.

Standard Federal concedes that the priority status and the amount of claim 11 are incorrect, that they are the result of a scrivener's error, but argues that claim 11 is for the deficiency unsecured portion of claim 1 and, as such, is allowable.

■ The objecting party has the burden to present affirmative evidence sufficient to rebut the prima facie validity of a claim. *In re St. Augustine Gun Works,* 75 B.R. 495 (Bankr.M.D.Fla.1987). Once the objecting party has carried its burden, claimant has the ultimate burden of showing that its claim is valid and in what amount. *Id.* Standard Federal admits that claim 11 is incorrect as filed, thus, Standard Federal must now establish the validity and amount of claim 11.

■ The parties agree that Standard Federal's total claim is equal to $58,995.74. Debtor listed Standard Federal's claim in his schedules, financial statement and disclosure statement as a secured claim for that amount. However, in his plan of reorganization, debtor provided for payment of only $35,000.00 to Standard Federal. After the Court established the value of the building as $35,000.00, Standard Federal filed claim 10 for that amount. At the same time, Standard Federal filed claim 11 for $18,269.97. Based upon the timing of Standard Federal's filing of claims 10 and 11, the amount of claim 10, debtor's listing of Standard Federal's claim as secured for $58,995.74 in his schedules, financial statement and disclosure

unsecured claim to the extent that the value of such creditor's interest ... is less than the

statement, the Court is satisfied that claim 11 is an unsecured claim for the deficiency portion of claim 1. Accordingly, the Court finds that claim 11 is a claim for the unsecured portion of its original $58,995.74 secured claim.

*Amendment to Claim*

Standard Federal argues that claim 11 amends its timely filed and allowed secured claim and thus should be allowed. In addition, Standard Federal argues that the motion to value automatically bifurcated claim 1 creating an allowed secured claim and an allowed unsecured claim eliminating any need to file amendments to its claim.

Debtor argues that claim 11 should be disallowed because it was untimely filed and because Standard Federal failed to receive leave of the Court to amend claim 1.

■ In *In re Intern. Horizons, Inc.,* 751 F.2d 1213 (11th Cir.1985) the Eleventh Circuit held that amendments to claims should be freely allowed to cure a defect or to more fully explain a claim but that an amendment filed after the bar date should be closely scrutinized to ensure it is not a new claim disguised as an amendment. In *Intern. Horizons,* the Court found that the Internal Revenue Service was asserting a new claim for corporate income tax and was not amending its timely filed claim for withholding and unemployment taxes where the amount of the claim increased from $70,000.00 to over $20,000,000.00, and the failure to assert the new claim prior to the bar date arose from claimant's own negligence. The Eleventh Circuit did not require the Internal Revenue Service to receive leave of the Court to file a late amendment, rather the Court emphasized whether the claim was truly an amendment and not a new claim. Consequently, the Court cannot accept debtor's contention that Standard Federal must receive Court approval to amend its timely filed claim after the bar date.

amount of such allowed claim.

■ This Court addressed allowing late filed claims in *In re Norris Grain Co.,* 81 B.R. 103 (Bankr.M.D.Fla.1987). In *Norris Grain,* the Court utilized the traditional test for determining whether an amendment is allowable in disallowing the Internal Revenue Service's claim for corporate income taxes as an amendment to its original timely filed claim for interest. The traditional test inquires whether the amended claim arises from the same transaction or occurrence as the original timely filed claim.

The Court has previously found that claim 11 is a claim for the deficiency portion of claim 1. Because claim 11 is comprised of a portion of the original timely filed claim, it arose from the same transaction or occurrence as the original claim. Consequently, an amendment asserting the unsecured deficiency portion of the original claim is allowable.

In *Norris Grain,* this Court also considered the balancing of the equities test. That test requires the Court consider the following factors[2]:

1. whether the debtor and creditors relied upon the earlier proof of claim or had reason to know that subsequent proofs of claim would follow;

2. whether claimant intentionally or negligently delayed filing the "amendment";

3. the justification, if any, for claimant's failure to file for an extension for filing proof of claims;

4. whether or not there are any other considerations which should be taken into account in assuring a just and equitable result.

*Id.* at 107.

Applying these factors to Standard Federal's claim the Court finds that, although it is a close call, the amendment is allowable. Upon debtor's filing the motion to value Standard Federal's security, it was apparent that other claims could follow. In addition, in debtor's plan of reorganization the $35,000.00 payout to Standard Federal was less

than the amount of Standard Federal's claim. Thus, debtor and other creditors were put on notice that Standard Federal might file additional claims.

In *Norris Grain,* this Court noted that whether a claim provides notice that other claims may follow may be determined by whether the amount of the amendment is reasonably related to the amount of the original claim. *Id.* at 107. Claim 11 is comprised of a portion of the original claim, thus the amount of Standard Federal's claim is unaffected by this amendment, and debtor and his creditors had notice that subsequent claims might be filed.

The second and third factors assess whether the claimant is at fault for failure to timely file a claim. Standard Federal argues that it had to wait until after the Court entered its order valuing collateral which occurred after the bar date before it could file claims 10 and 11. It is true that Standard Federal could not be certain of the amount of its claims prior to the valuation order, however, Standard Federal waited approximately two months after the order to file its claims. In addition, Standard Federal did not file a motion to extend time for filing claims which it could have done prior to the bar date while waiting for the Court to rule on debtor's motion to value. Standard Federal's failure to file its amendments soon after the valuation order or to file a motion to extend time to file claims militate toward disallowing the amendment.

The last factor is a catchall that requires that the Court consider any other equitable circumstances that affect the late filing. Standard Federal was slow to respond to the valuation order. At the same time, debtor failed to object to Standard Federal's claims until Standard Federal filed a motion to dismiss. Thus neither party acted quickly to protect its interest and the fourth factor does favor either party. Considering all four factors, the Court finds that under the equitable balancing test claim 11 should be allowed as an amendment to clarify claim one, that is, to

---

**2.** Cases which use the balancing of the equities approach consider "whether the other creditors would receive a windfall to which they are not entitled on the merits by the Court not allowing

this amendment. . . ." *Id.* at 107. As in *Norris Grain,* the Court finds this factor is inappropriate to determining whether an amendment should be allowed and does not consider it in this case.

provide for both the secured and unsecured portions of claim 1.

Debtor relies upon *In re Neptune Pool Service, Inc.*, 144 B.R. 926, 927 (Bankr. M.D.Fla.1992) for the proposition the late amendments should not be allowed. In *Neptune Pool*, the Court disallowed GMAC's amended claims for deficiency on its secured claims. In *Neptune*, GMAC filed two secured claims, then after debtor abandoned the collateral and after debtor's plan was confirmed, GMAC filed amended claims for the deficiency realized on the sale of its collateral. Neither debtor nor GMAC filed a motion to value. The Court found that the orderly administration of a chapter 11 case requires the creditor file a motion to value or at least file claims for the secured and unsecured portions of its claim prior to the bar date to insure debtor and other creditors who have voted for or against debtor's plan have notice of claimant's intention to assert a deficiency claim.

The Court finds *Neptune Pool* distinguishable and the equitable concerns that controlled there absent here. In this case, debtor filed a motion to value, thus debtor and his creditors were aware that Standard Federal might assert a deficiency claim. In addition, unlike *Neptune Pool*, Standard Federal filed its amended unsecured claim prior to confirmation providing debtor and creditors time to evaluate the new claims before confirmation. Accordingly, the Court will allow claim 11 in the amount of $23,995.74.

### Motion to Dismiss

■ Standard Federal argues that debtor has failed to make payments as required by his plan and this constitutes "a material default by the debtor with respect to a confirmed plan." 11 U.S.C. § 1112(b)(8). The Court finds that debtor has made payments to Standard Federal as required by his confirmed plan of reorganization. The plan requires debtor pay $35,000.00 to Standard Federal over thirty-six months with ten percent interest per annum. The plan makes no provision for paying an unsecured claim of Standard Federal. The plan and the order confirming the plan call for payment to unsecured creditors, however, Standard Federal

is not classified as an unsecured creditor in debtor's schedules, financial statement, or disclosure statement. Section 1141 of the Code states "the provisions of a confirmed plan bind the debtor, . . . and any creditor, . . . whether or not the claim or interest of such creditor, . . . is impaired under the plan and whether or not such creditor . . . has accepted the plan." Thus, Standard Federal is bound by the terms of the plan, and its motion to dismiss pursuant to § 1112(b)(8) is denied without prejudice to its bringing any other motion it deems appropriate.

### Conclusion

The Court finds that claim 11 is allowable as an unsecured claim in the amount of $23,995.74 as the deficiency portion of Standard Federal's original secured claim. Debtor has made payments as required by his plan of reorganization, accordingly, the motion to dismiss for failure to make payments under a confirmed plan is denied.

### ORDER DENYING MOTION TO DISMISS THE CASE

Upon Findings of Fact and Conclusions of Law separately entered, it is

ORDERED:

Motion to Dismiss the Case filed by Standard Federal Savings Bank is denied.

### ORDER OVERRULING OBJECTION TO CLAIM 11 AND SUSTAINING OBJECTION TO CLAIM 12

Upon Findings of Fact and Conclusions of Law separately entered, it is

ORDERED:

1. Debtor's objection to claim 11 of Resolution Trust Corporation n/k/a Standard Federal Savings Bank is overruled and claim 11 is allowed as an unsecured claim in the amount of $23,995.74.

2. Debtor's objection to claim 12 of Resolution Trust Corporation n/k/a Standard Fed-

eral Savings Bank is sustained and claim 12 is disallowed.