**In re RICHARD ROBERTS LEXINGTON ASSOCIATES, LTD., Debtor.**

**Bankruptcy No. 5–91–00892.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Aug. 17, 1994.

creditor and that the filing date of the amended claim should relate back to the filing date of the secured proof of claim. The court heard the oral arguments of counsel on February 7, 1994 and took the matter under advisement pending the submission of briefs by counsel.

## Facts

The Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on November 4, 1991. On the Debtor's motion, an order was entered on May 1, 1992 converting the case to a Chapter 7 case.[1] On May 5, 1992 the clerk's office generated and mailed to all parties in interest a notice of conversion which set August 31, 1992 as the bar date for filing proofs of claims in the Chapter 7 case.[2]

On June 19, 1992, Marble Bank filed a Proof of Claim reflecting a secured claim in the amount of $2,214,156.57 secured by a Deed of Trust dated December 31, 1990.[3] Subsequently, on July 22, 1992, the collateral which secured the Deed of Trust Note of Marble Bank was sold at foreclosure for a sum insufficient to allow any distribution to Marble Bank, thereby rendering Marble Bank's claim wholly unsecured.

The trustee filed his final report and proposed order of distribution on December 21, 1993.[4]

## DECISION & ORDER

ROSS W. KRUMM, Chief Judge.

This matter comes before the Court on the objection of Marble Bank to the trustee's final report and proposed order of distribution of the debtor's estate. Marble Bank seeks to participate in the trustee's proposed distribution as an unsecured creditor for a deficiency resulting from the foreclosure sale of certain real property which secured its claim. Marble Bank asserts that it should be allowed to amend its timely filed secured claim to reflect its status as an unsecured

Despite the fact that Marble Bank was aware of its unsecured status as early as the foreclosure sale on July 22, 1992, a date prior to the claims bar date, Marble Bank did not file an amended proof of claim until January 7, 1994,[5] after it received the trustee's final report and proposed order of distribution. On February 3, 1994, Marble Bank filed another amended, supplemental proof of claim [6] "solely for the purposes of amplifying the January 7, 1994, proof of claim." [7]

---

1. *See* Docket Entry No. 24.

2. *See* Docket Entry No. 26/27.

3. *See* Proof of Claim No. 22.

4. *See* Docket Entry No. 70.

5. *See* Proof of Claim No. 41.

6. *See* Proof of Claim No. 42.

7. *See* Marble Bank's Memorandum in Support of its Objection, Docket Entry No. 74, page 2.

### Issue

The issue before the Court is whether a creditor who timely files a secured proof of claim, but whose claim evolves into an unsecured claim prior to the claims bar date, and who fails to file an amended proof of claim reflecting its unsecured status prior to the claims bar date, can receive a pro-rata distribution as an unsecured creditor from the trustee's estate proceeds.

### Law

■ Bankruptcy Rule 3002(a) mandates that "an unsecured creditor ... *must* file a proof of claim ... for the claim to be allowed" (emphasis added). Rule 3002(c) states that the proof of claim must be filed within 90 days after the first date set for the meeting of creditors pursuant to 11 U.S.C. § 341.

■ The trustee distributes estate assets to "allowed unsecured claims." 11 U.S.C. § 726(a)(2). Read together, the Rules and the Code provide that if a creditor holding a claim against the debtor greater than the value of its collateral wishes to participate in distribution of the estate, then a proof of claim evidencing an unsecured claim must be timely filed. *In re Glick*, 136 B.R. 654, 656 (Bankr.W.D.Va.1991), *citing In re Fell*, 112 B.R. 219, 221–22 (Bankr.N.D.Ohio 1989). *See also, In re Ruark*, 134 B.R. 25, 27 (Bankr.E.D.Okl.1991) ("The intent of the Bankruptcy Rules is clear in charging an unsecured creditor seeking recovery from a bankruptcy estate to be aware of the deadlines imposed by the Rules and tailor their actions in timely asserting a claim accordingly").

■ Although timely filing requirements are intended to promote desired finality in bankruptcy proceedings, in some circumstances, fairness and equity require that strict adherence to deadlines be relaxed and that filing of amended proofs of claims be permitted. *Dabney v. Addison*, 65 B.R. 348, 350 (E.D.Va.1985). Bankruptcy courts, as courts of equity, have allowed the filing of amended proofs of claim after expiration of the bar date. In *Fyne v. Atlas Supply Co.*, 245 F.2d 107 (4th Cir.1957) the court held

that amendment of proofs of claim after the claims bar date will be allowed if in the opinion of the court, such course is in the "furtherance of justice" provided that "sufficient notice of the claim has been given in the course of the bankruptcy proceeding." *Id.* at 107. In *In re Intern. Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985) the Eleventh Circuit held that "amendments to claims should be freely allowed to cure a defect or to more fully explain a claim but that an amendment filed after the bar date should be closely scrutinized to ensure it is not a new claim disguised as an amendment."

■ To constitute sufficient notice that a creditor has a claim against the estate, the creditor must undertake some affirmative action. *In re Davis* 936 F.2d 771, 775–76 (4th Cir.1991). *See also, In re Sun Basin Lumber Co. v. U.S.*, 432 F.2d 48, 49 (9th Cir.1970) (Sufficient notice exists where the creditor has established on the judicial record the "existence, nature, and amount of the claim").

■ The inquiry then becomes what constitutes sufficient notice. Several courts have discussed what does not constitute sufficient notice. Mere knowledge of the claim by the trustee is not sufficient notice to permit an amended claim, nor is the listing of the claim in the debtor's schedules. *In re Davis* at 776. Furthermore, the pendency of litigation regarding the creditor's claim is not alone sufficient basis to allow the amended claim, nor is attorney neglect sufficient. *Dabney v. Addison*, 65 B.R. 348, 351 (E.D.Va.1985).

The traditional test for determining whether an amendment to a proof of claim is allowable is whether the amended claim arises from the same transaction or occurrence as the originally timely filed proof of claim. *In re Haack*, 165 B.R. 501, 504 (Bankr.M.D.Fla.1994). In *Haack*, the Court held that the deficiency portion of a claim was a portion of the original timely filed secured claim and arose from the same transaction or occurrence as the original claim and as such, would relate back to the filing date of the original claim. *Id.* at 504.

Similarly, in the case at bar, the deficiency claim of Marble Bank arose from the same

transaction or occurrence as the timely filed secured claim. Moreover, Marble Bank has given sufficient notice of its claim in the course of the bankruptcy proceeding by timely filing its secured claim. Finally, where the trustee has not yet made a distribution to unsecured creditors, no prejudice will result to other parties in interest by allowing Marble Bank to amend its secured claim to reflect its unsecured status. Accordingly, it is

ORDERED:

That the objection of Marble Bank to the trustee's final report and order of distribution of the Debtor's estate is SUSTAINED. It is

FURTHER ORDERED:

That Marble Bank's Proof of Claim No. 41 is ALLOWED as an amended proof of claim to reflect Marble Bank's unsecured status and the filing date of the amended claim will relate back to the filing date of the timely filed Proof of Claim No. 22. It is

FURTHER ORDERED:

That Marble Bank's Proof of Claim No. 42 is DISALLOWED as it is a duplicative Proof of Claim.